**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA D. HOBSON; ADERUS D. MILAN,<br><br>          Plaintiffs - Appellants,<br><br>   v.<br><br>HSC REAL ESTATE, INC.,<br><br>          Defendant - Appellee. | No. 11-35311<br><br>D.C. No. 2:09-cv-00361-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 11, 2012
Seattle, Washington

Before:   HAWKINS, BYBEE, and BEA, Circuit Judges.

   Angela Hobson ("Hobson") and Aderus Milan ("Milan") appeal the district

court's grant of summary judgment in their housing discrimination action brought

under 42 U.S.C. § 1981 and related Washington state law claims.  Reviewing the grant

---

   [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of summary judgment de novo, *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011), we affirm in part, reverse in part, and remand for further proceedings.

1.      **Section 1981 Claims**

In discrimination cases, "very little evidence" is required for plaintiffs to survive summary judgment, since "the ultimate question is one that can only be resolved through a 'searching inquiry'—one that is most appropriately conducted by the factfinder, upon a full record." *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007) (internal quotation marks omitted).  One way a plaintiff alleging discrimination can defeat a motion for summary judgment is by producing direct evidence demonstrating that a discriminatory reason more likely than not motivated the defendant.  *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004).

The property manager's statements about Milan's anticipated exit from the apartment evince racial animus bearing a sufficient nexus to the challenged housing decisions to allow a reasonable jury to conclude that a discriminatory reason more likely than not motivated HSC's denial of Milan's tenancy application and eviction

of Hobson.[1]  *See Metoyer*, 504 F.3d at 937-38 (combining evidence raising a triable issue of fact regarding supervisor's role in decision to fire African-American plaintiff with evidence of supervisor's discriminatory remarks regarding African-Americans to conclude that plaintiff presented direct evidence sufficient to survive summary judgment).  We therefore reverse the adverse grant of summary judgment on Hobson's and Milan's § 1981 claims.

## 2. State Law Claims

Hobson's and Milan's Washington state law claims are subject to a three-year statute of limitations.  *See Adler v. Fred Lind Manor*, 103 P.3d 773, 786 (Wash. 2004) (citing Wash. Rev. Code § 4.16.080(2)).  Because Hobson and Milan have not explained why HSC's denial of Milan's tenancy application or eviction of Hobson constitute anything other than discrete acts, the continuing violation doctrine is inapplicable.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108-13, 115 (2002); *Antonius v. King Cnty.*, 103 P.3d 729, 736 (Wash. 2005).

---

[1]  HSC argues that these statements constitute inadmissible hearsay.  But the district court did not abuse its discretion in including them in the summary judgment record, *see* Fed. R. Evid. 801(d)(2)(D) (describing as "not hearsay" statements offered against an opposing party and made by that party's employee within the scope of the employment), and we therefore consider them on appeal.  *ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003) (holding that evidentiary rulings made in the context of summary judgment are reviewed for an abuse of discretion).

HSC denied Milan's application on February 1, 2006, more than three years before Appellants filed suit in the district court. Appellants' equitable tolling arguments rest on assertions unsupported by citations to the record. The district court therefore correctly dismissed Milan's and Hobson's claims related to the denial of Milan's application as time-barred.

The district court properly reached the merits of Hobson's state law claims relating to her eviction, since HSC initiated eviction proceedings within the three-year limitations period.

For the same reasons given above regarding direct evidence of discrimination, we reverse the district court's grant of summary judgment on Hobson's state law race discrimination claim. *See Hegwine v. Longview Fibre Co.*, 172 P.3d 688, 698 (Wash. 2007) (three-part *McDonnell Douglas* burden-shifting analysis does not apply where plaintiff supports Washington Law Against Discrimination claim with direct evidence of discrimination).

We affirm the district court's grant of summary judgment on Hobson's disability discrimination claim, since Appellants have not developed an argument challenging that decision. *James River Ins. Co. v. Herbert Schenk, P.C.*, 523 F.3d 915, 920 n.1 (9th Cir. 2008) (holding waived arguments not adequately presented in briefs).

4

Costs on appeal are awarded to appellants.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for proceedings consistent with this disposition.

11-35311 Hobson v. HSC Real Estate, Inc.

BYBEE, J., concurring in part and dissenting in part.

I would affirm the judgment in its entirety for the reasons stated by the district court.